## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

APR 2 7 2015

JEFFREY P. COLWELL
CLERK

Criminal Action No. 1:14-cr-00462-DW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DRAKE EYETOO

        Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through James M. Candelaria, Assistant United States Attorney for the District of Colorado, and the defendant, Drake Eyetoo, personally and by counsel, Edward Harris, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.   AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant agrees to plead guilty to Count I of the Indictment.   In agreeing to plead guilty to Count I, the defendant further agrees to waive certain appeal rights as set forth in paragraph V.

Taking into consideration the sentencing factors contained in 18 U.S.C. § 3553(a), the advisory sentencing guidelines, and the facts and circumstances of this case, the parties agree that a sentence of three (3) years of probation will be sufficient and not more than necessary to fulfill the sentencing factors set forth in 18 U.S.C. § 3553(a), and thereby, tender this plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules

PENGAD-Bayonne, N. J.

EX.

2

Criminal Procedure and contingent upon the parties agreed upon sentence.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense[s] to which this plea is being tendered are as follows:

*First*:   The defendant caused the death of R.E., an 11 month old minor;

*Second*: The defendant is an enrolled member of the federally recognized Ute Mountain Ute Indian Tribe;

*Third*:   The crime occurred within the exterior boundaries of the Ute Mountain Ute Indian Reservation;

*Fourth*: The defendant, while committing in an unlawful manner, or without due caution and circumspection, a lawful act which might produce death, left R.E., a minor, unattended in a bathtub with a sufficient amount of water, whereby R.E. drowned.

## III.   STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 1112(a) is:   not more than 8 years imprisonment; not more than $250,000 fine, or both; not more than 3 years supervised release; $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

2

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below.   Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.   Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:   (1) the sentence imposed is

above the maximum penalty provided in the statute of conviction, (2) the court in determining the applicable guideline range departs or varies upward in the offense level or criminal history category, or (3) the court determines that the terms of the parties Rule 11(c)(1)(C) plea are unacceptable and imposes a sentence other than the sentence tendered by the parties in the Plea Agreement.   The defendant knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742 or any ground whatever.   The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255, unless there is an explicitly retroactive change in the applicable guidelines or sentencing statute.   Additionally, if the government appeals the sentence imposed by the court, the defendant is released from this appellate waiver.

The parties agree that the date on which relevant conduct began was September 12, 2014.

The parties agree as follows:   On September 12, 2014, defendant, an enrolled member of the Ute Mountain Ute Indian Tribe, was at his residence located within the Ute Mountain Ute Reservation.   While at his residence, defendant was bathing his two children with no other adults present. At some point, defendant removed his minor daughter from the bathtub, dried her off and got her dressed while he left his son, R.E., in the bathtub. As defendant was tending to his minor daughter, he turned on the tub faucet to make some more bubbles for his son who remained in the bathtub. Thereafter,

4

defendant left the bathroom and went into another room where he began to play video games leaving R.E., his eleven month old male child alone in the bathtub. At some point, at least ten minutes had past according to the defendant, the defendant returned to the bathroom to discover R.E. face down in the bathtub with his mouth and nose submerged in the water. R.E. was not breathing.   Defendant removed R.E. from the bathtub and squeezed him.   R.E. began to throw up water. According to the defendant, he couldn't call for help because the cell phone at the house was not charged so he plugged it in. He then drained the tub, and put a diaper and clothing on R.E. and wrapped him in a blanket. Defendant contacted R.E.'s mother through Facebook using his XBOX video game player and informed her that R.E. wasn't breathing and she needed to come home. Once the phone was charged, Defendant dialed 911 and emergency services was dispatched.   R.E. was pronounced dead at the hospital and an autopsy revealed that R.E.'s cause of death was drowning.

## VI.    ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing

Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.      The base guideline is § 2A1,4, with a base offense level of 12.

B.      There are no special offense characteristics

C.      The adjusted offense level therefore would be 12.

D.      The government agrees that the defendant should receive 2 levels off for Acceptance of responsibility. The resulting offense level therefore would be 10.

E.      The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be II.

F.      The career offender/criminal livelihood/armed career criminal adjustments would not apply.

G.      The advisory guideline range resulting from these calculations is 8-14 months for a category II.   However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI).   The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

I.      Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $2,000 to $ 20,000, plus applicable interest and penalties.

J.      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than three years.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.    However, because this plea agreement is made pursuant to Rule 11 (c)(1)(C), the Court is bound by the parties' agreement once the Court accepts the plea agreement. Alternatively, if the Court determines that it intends to impose a sentence different from that agreed to by the parties as part of this agreement, the Court must first give the parties an opportunity to withdraw from this agreement before it may impose any such different sentence.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the

defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:  4/27/15

DRAKE EYETOO
Defendant

Date:  4/27/15

EDWARD HARRIS
Attorney for Defendant

Date:  4/21/15

James M. Candelaria
Assistant U.S. Attorney

8